IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD GLEN COLTER,

        Plaintiff,

  v.

QUENTIN KOPP, et al.,

        Defendants.
_____/

No. C 10-05759 CW

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND TO EXTEND TIME FOR SERVICE (Docket No. 4)

    On December 17, 2010, Plaintiff Richard Glen Colter filed this lawsuit, which includes claims for violations of 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act (RICO) and for relief under the federal Administrative Procedure Act (APA). He asserts his claims against twenty Defendants, who include current and former state and federal officials and their spouses. Plaintiff also challenges the constitutionality of California Vehicle Code sections 22349 and 22356, which govern the maximum speed limit on California highways. Plaintiff's lawsuit appears to arise from his convictions for violations of California's speed laws. In essence, Plaintiff complains that Defendants committed fraud by failing to justify the necessity for the sixty-five miles per hour speed limit posted on some of California's highways. He seeks at least $10 billion in damages.

    On January 13, 2011, Plaintiff filed an amended complaint. Plaintiff now seeks leave to file a second amended complaint and an additional four weeks to serve Defendants. According to Plaintiff, he has not served any Defendant with any pleading. For the reasons

set forth below, Plaintiff's motion is DENIED.  (Docket No. 4.)

In evaluating whether to grant leave to amend, courts consider "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  <u>Ahlmeyer v. Nev. Sys. of Higher Educ.</u>, 555 F.3d 1051, 1055 n.3 (9th Cir. 2009) (citation omitted).  Futility of amendment, on its own, "can justify the denial of a motion."  <u>Id.</u> (citation omitted).

Plaintiff's amendments would be futile.  He seeks to amend his complaint to include the first names of California Highway Patrol (CHP) officers who apparently cited or arrested him for violating state speed laws.  Plaintiff sues these officers in their official and individual capacities.  To the extent that he brings his suit against these state officers in their official capacities, his action is barred by the Eleventh Amendment.  <u>See</u> <u>Cortez v. Cnty. of L.A.</u>, 294 F.3d 1186, 1188 (9th Cir. 2002) (citing <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 70-71 (1989)).  Plaintiff does not appear to plead facts to suggest that these Defendants committed violations of § 1983 or RICO or that these Defendants are not entitled to qualified immunity.  Thus, his claims against the CHP officers are futile.

Because Plaintiff can still effect service during the 120-day period provided under Federal Rule of Civil Procedure 4(m), his request for an additional four weeks to serve Defendants is unjustified.  If Plaintiff fails to serve these Defendants in accordance with Rule 4, his action will be dismissed.  Notably, many of these Defendants are state and federal officials who may

2

enjoy absolute or qualified immunity from liability on his claims. See, e.g., Bogan v. Scott-Harris, 523 U.S. 44, 46 (1998) (absolute immunity for legislators); Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987) (absolute quasi-judicial immunity for court staff); Cousins v. Lockyer, 568 F.3d 1063, 1068 (9th Cir. 2009) (absolute prosecutorial immunity); Dunn v. Castro, 621 F.3d 1196, 1198-99 (9th Cir. 2010) (qualified immunity). Further, many of the Defendants are spouses of these state and federal officials; Plaintiff alleges no facts to suggest that he is entitled to relief from them.

Although he is proceeding pro se, Plaintiff is subject to the requirements of Federal Rule of Civil Procedure 11, which requires that his pleadings not be "presented for any improper purpose, such as to harass" and that his claims be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(1)-(2). Plaintiff's failure to comply with these obligations, and the others contained in Rule 11, may subject him to Court-ordered monetary sanctions. Fed. Civ. R. 11(c)(3).

IT IS SO ORDERED.

Dated: 2/16/2011

CLAUDIA WILKEN
United States District Judge

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RICHARD GLEN COLTER,

        Plaintiff,

  v.

QUENTIN KOPP et al,

        Defendant.
_____/

Case Number: CV10-05759 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 16, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard Glen Colter
P.O. Box 11312
Pleasanton, CA 94588

Dated: February 16, 2011

                                      Richard W. Wieking, Clerk
                                      By: Nikki Riley, Deputy Clerk